IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT M. MUMMA, II,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**THE ESTATE OF ROBERT M. MUMMA,** ***Deceased*****;**<br>**KIM COMPANY;**<br>**LISA M. MORGAN,** ***in her capacity as the Co-Executrix of the Estate of Robert M. Mumma, Deceased, and in her capacity as the Trustee of the Marital and Residuary Trusts under the Will of Robert M. Mumma, Deceased;*** **and MORGAN, LEWIS AND BOCKIUS, LLP,**<br><br>**Defendants** | : | **CIVIL NO. 1:11-CV-0802**<br><br><br><br><br><br><br><br>**Judge Sylvia H. Rambo** |

**M E M O R A N D U M**

Presently before the court are two motions to dismiss, one filed by Defendants Lisa M. Morgan and Kim Company pursuant to Federal Rule of Civil Procedure 12(b)(6), (Doc. 22), and one filed by Defendant Morgan, Lewis and Bockius, LLP ("MLB") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), (Doc. 28). For the reasons that follow, the court will grant Defendant MLB's motion for lack of subject matter jurisdiction because Plaintiff has failed to sufficiently allege complete diversity and will dismiss as moot Defendants other arguments for dismissal of Plaintiff's complaint.

## I. Background

Invoking the court's diversity jurisdiction, Plaintiff Robert M. Mumma, II, ("Mumma") originally filed this action against Lisa M. Morgan and James L.S.

Bowdish, an attorney who represented Morgan in a Florida action. (Doc. 1, Compl. ¶ 5.) Plaintiff then filed an amended complaint dropping Bowdish as a defendant and adding, *inter alia*, MLB, a Philadelphia-based law firm. (Doc. 20, Amend. Compl. ¶ 7.) This case involves the same central core of facts that has been previously litigated in this court and others.[1] As with those cases, Plaintiff's claims here emanate from allegations that Kim Company loaned $184,135.34 to High-Spec, Inc. ("High-Spec"), and that the loan was never repaid. Mumma claims, as he has before, that, as a shareholder of Kim Company, he was entitled to a pro rata distribution of High-Spec's repayment of the aforementioned loan. (*Id.* ¶ 32.)

On July 5, 2011, Defendants Lisa M. Morgan and Kim Company filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (Doc. 22) followed by a brief in support on July 19, 2011 (Doc. 31). On July 19, 2011, Defendant MLB filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 28) followed by a brief in support on July 28, 2011 (Doc. 34). Following Plaintiff's change of counsel and several extensions, Plaintiff filed a brief in opposition on October 30, 2011. (Doc. 44.) Defendants Lisa M. Morgan and Kim Company filed a reply brief on November 16, 2011. (Doc. 45.) Thus, the motions are ripe and ready for disposition.

---

[1] For example, in *Mumma v. High-Spec, Inc., et al.*, 2009 U.S. Dist. LEXIS 111866 (M.D. Pa. Dec. 2, 2009), *aff'd* 400 F. App'x 629 (3d Cir. 2010), this court dismissed Mumma's complaint against High-Spec, Barbara McK. Mumma, Lisa Mumma Morgan, James L.S. Bowdish, and Kim Company. The court found that Plaintiff's complaint, which alleged that Kim Company was denied its right to receive repayment of a loan to High-Spec in violation of the Fifth and Fourteenth Amendments to the United States Constitution, was barred by the applicable statute of limitations.

## II. **Discussion**

Both motions assert several bases for dismissal, including arguments that Mumma's claims are barred by collateral estoppel and statute of limitations. Both motions also argue that the amended complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Only MLB's motion, however, argues that the claims should be dismissed because this court lacks jurisdiction based on a lack of complete diversity among the parties.[2] In his amended complaint, Plaintiff avers that he is a resident of Florida. (Doc. 20 ¶ 1; *see also* Doc. 34 at 5.) Plaintiff also claims that MLB "is a Philadelphia law firm . . . and is therefore a domiciliary of the Commonwealth of Pennsylvania." (Doc. 20 ¶ 7; Doc. 34 at 5.) Plaintiff alleges that this court has subject matter jurisdiction of its claims pursuant to 28 U.S.C. § 1332 as an action "between citizens of different states." (Doc. 20 ¶ 8.)

MLB argues that, because it maintains an office in Miami, Florida, with seven resident partners who are domiciled in Florida, complete diversity is destroyed. (Doc. 34 at 5-7.) MLB further argues several partners that are citizens of the United States but domiciled in a foreign nation and, under relevant law, a

---

[2] Defendants Lisa M. Morgan and Kim Company address this issue briefly in a footnote. (Doc. 31 at 11 of 26, n.7.) In that footnote, Defendants Morgan and Kim Company contend that although Plaintiff's assertion that this court has diversity jurisdiction is "dubious at best," the court should disregard MLB's diversity argument because "MLB's connection to this case is tenuous, and [MLB's diversity argument] should in essence be disregarded in dismissing this case on the merits." (*Id.*) While the court understands Defendants' desire to dismiss this case on the merits given the history of this case and related litigation, there is no basis for ignoring a lack of diversity because of a particular defendant's "tenuous" connection to the case. In fact, it is well-established that failure to show "diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect or consent that it may be waived." *Santarelli v. Intelligrated Prods., LLC*, 2012 U.S. Dist. LEXIS 11866, *4-5 (M.D. Pa. Jan. 31, 2012) (quoting *Thomas v. Bd.of Trs.*, 195 U.S. 207, 211 (1904)).

partnership containing such "stateless" individuals cannot be sued in federal court based on diversity jurisdiction. For the reasons below, the court agrees.

Diversity jurisdiction is provided for in 28 U.S.C. § 1332, which states in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) Citizens of different states;
>
> (2) citizens of a state and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332. It is well-settled that a case falls within the federal court's original jurisdiction only if diversity is "complete," *i.e.* only if there is no plaintiff and no defendant who are citizens of the same state. *See Wis. Dept. of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Thus, each defendant must be a citizen of a different state from each plaintiff. *Santarelli v. Intelligrated Prods.*, 2012 U.S. Dist. LEXIS 11686, *4 (M.D. Pa. Jan. 31, 2012) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of litigation. *Id.* (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)); *see also Oshiver v. Levin, Fishebein, Sedran & Berman*, 910 F. Supp. 225, 227 (E.D. Pa. 1996) ("On a

motion to dismiss under Rule 12(b)(1), it is the plaintiff who has the burden to show jurisdiction"), *aff'd*, 96 F.3d 1434 (3d Cir. 1996). That being said, Plaintiff's brief in opposition completely fails to address this issue.

It is undisputed that MLB is a Pennsylvania limited liability partnership. (Doc. 34 at 6 of 15; Doc. 34-1, Aff. of Clare D'Agostino, ¶ 2.) Unincorporated associations, such as partnerships and limited liability companies, are not considered "citizens" of a state as that term is defined in the diversity statute. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010); *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) ("*Swiger III*"); *accord Scott v. LTS Builders LLC*, 2010 U.S. Dist. LEXIS 116439, *5 (M.D. Pa. Nov. 2, 2010). "Given that partnerships are not citizens for diversity purposes, the Supreme Court has long applied the rule of *Chapman v. Barney*: that courts are to look to the citizenship of all the partners (or members of the unincorporated associations) to determine whether the federal district court has diversity jurisdiction." *Swiger III*, 540 F.3d at 182 (citing *Chapman v. Barnery*, 129 U.S. 677, 682 (1889)). In *Chapman*, the Supreme Court, on its own motion, reversed a judgment on the ground that the federal court did not have jurisdiction over a stock company because the record did not demonstrate that all the partners of the stock company were citizens of a state different than that of the defendant. 129 U.S. at 682.

Thus, in the context of partnerships, the complete diversity requirement demands that all partners be diverse from all parties on the opposing side. *Swiger III*, 540 F.3d at 183 (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 n. 1 (2006)). As the Third Circuit explained in *Swiger III*, partnerships that have American partners living abroad pose a unique problem:

> In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States and be domiciled within the State. An American citizen domiciled abroad, while being a citizen of the United States is, of course, not domiciled in a particular state, and therefore such a person is "stateless" for purposes of diversity jurisdiction. Thus, American citizens living abroad can not sue (or be sued) in federal court based on diversity jurisdiction as they are neither "citizens of a State" nor "citizens or subjects of a foreign state." Putting these principals together, that is, that the citizenship of the individual partners must be shown to be wholly diverse from that of the opposing party (or those of the opposing parties) and that American citizens living abroad cannot sue (or be sued) in federal court based on diversity jurisdiction, our sister courts and other federal courts have concluded that *if a partnership has among its partners any American citizen who is domiciled abroad, the partnership cannot sue (or be sued) in federal court based on diversity jurisdiction.*

540 F.3d at 183-84 (emphasis added) (internal quotes and citations omitted). Therefore, it is incumbent on Plaintiff to "allege the citizenship of each of the individual members of the defendant limited liability company . . . and, if any member of the company is a citizen of the same state as Plaintiffs, diversity is lacking." *Scott*, 2010 U.S. Dist. LEXIS 116439 at *5

MLB argues that this court lacks jurisdiction for lack of complete diversity for two reasons: (1) seven partners are domiciled in Florida, the same state as Plaintiff, and (2) MLB maintains foreign offices in London, where Charles Lubar, a partner of the firm resides, as well as in Tokyo, where Lisa Yano, a partner of the firm, resides. MLB asserts that both are citizens of the United States who are not domiciled in any state and, thus, because MLB's partnership contains such "stateless" persons, MLB can neither sue, nor be sued, in federal court based on diversity jurisdiction.

In support of their arguments, MLB attached copies of the biographical listings from its web site indicating that Charles Lubar and Lisa Yano are partners in its offices in London and Tokyo, respectively. (Docs. 34-1, Exhs. 1 & 2.) MLB also attaches internet listings for its seven partners that work in the firm's Miami office. (Docs. 34-1, Exhs. 3-9.) In addition, Defendant relies on the Declaration of Claire D'Agostino, who identifies herself as assistant counsel to the law firm who has personal knowledge regarding the partners of MLB. (Doc. 34-1, Aff. of Clare D'Agostino, ¶¶ 1, 5.) D'Agostino avers that Lubar has resided in the United Kingdom since 1971, is subject to taxation by the United States and Untied Kingdom, is a citizen of the United States and the United Kingdom, and has no immediate plans to return to the United States. (*Id.* at ¶ 3(a).) D'Agostino likewise avers that Yano has resided in Japan since 1992, is subject to taxation by the United States and Japan, is a citizen of the United States, and has no immediate plans to return to the United States. (*Id.* at ¶ 3(b).) Lastly, D'Agostino avers that the seven partners who reside in the firm's Miami office are domiciled in the State of Florida. (*Id.* at ¶ 4.)

In order to show that these individuals were domiciled as represented by D'Agostino, MLB must produce evidence to show that those locales were the partners' "true, fixed and permanent home, and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Swiger v. Allegheny Energy, Inc.*, 2006 U.S. Dist. LEXIS 32059, *11 (E.D. Pa. May 22, 2006) ("*Swiger I*") (citations omitted). If the court were to decide this issue based only on the partner's biographical sketches and Ms. D'Agostino's affidavit, the court would very likely find this evidence to be insufficient to determine where these partners are

domiciled such that the burden would shift to Plaintiff to show that the individuals are domiciled in locales other than Florida.  Indeed, it is hard to conclude precisely where some of these partners consider their permanent home to be because several of the biographies have multiple offices listed.  That is precisely what the court found in *Swiger I*, a case also involving MLB, where the Eastern District faced this same issue.  There, the court stayed the proceedings for sixty (60) days to permit the parties to engage in discovery into where the MLB partners, which included Lubar, were domiciled.  Following the stay, the court made findings of fact and concluded that the evidence was sufficient to conclude that Lubar was domiciled in London.  The court found that the evidence regarding another partner did not sufficiently show he was domiciled in Japan, however, the court dismissed the matter because "the court must consult the citizenship of *all* of the members of an artificial entity . . . ."  *Swiger v. Allegheny Energy, Inc.*, 2007 U.S. Dist. LEXIS 8610, *14 ("*Swiger II*") (emphasis in original), *aff'd, Swiger III,* 540 F.3d 179.  Thus, having only one "stateless" partner domiciled in London was sufficient to destroy diversity jurisdiction, resulting in dismissal of the action.

        The court will rely on the *Swiger II* court's findings of fact that determined that Lubar was domiciled in London, as well as the affidavit of D'Agostino and the biographical sketch, which indicate that Lubar remains domiciled in London, to conclude that Lubar is, in fact, domiciled in London and is, therefore a "stateless" person, destroying complete diversity and this court's jurisdiction over this matter.[2]

---

[2] Although the record suggests that several other partners are citizens of and domiciled in Florida, which would also destroy diversity jurisdiction, the court, as stated, is not satisfied that the
(continued...)


## III. Conclusion

Because Plaintiff neither alleged in his complaint the citizenship of each member of the MLB partnership nor addressed Defendants' diversity argument in his brief in opposition, it is clear that he has not met his burden of showing complete diversity. MLB produced sufficient evidence to show that it has a partner who is a U.S. citizen domiciled abroad. Said another way, MLB has a "stateless" partner, and therefore all partners of MLB are not diverse from Plaintiff. Accordingly, the court must find that it lacks diversity jurisdiction over this action and will dismiss the complaint without prejudice to re-file the complaint in the appropriate court.[3]

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated: March 19, 2012.

---

[2](...continued)
evidence is sufficient to prove that those individuals are domiciled in Florida. However, the court need not pursue this issue any further because it is clear that the existence of only one "stateless" partner is sufficient to destroy complete diversity.

[3] Because the court finds that it lacks jurisdiction, it can not address the remaining substantive arguments in MLB's motion or any of the arguments raised in Defendant Morgan's or Kim Company's motions.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ROBERT M. MUMMA, II,** : **CIVIL NO. 1:11-CV-0802**

**Plaintiff**

**v.**

**THE ESTATE OF ROBERT M. MUMMA, *Deceased*; KIM COMPANY; LISA M. MORGAN, *in her capacity as the Co-Executrix of the Estate of Robert M. Mumma, Deceased, and in her capacity as the Trustee of the Marital and Residuary Trusts under the Will of Robert M. Mumma, Deceased;* and MORGAN, LEWIS AND BOCKIUS, LLP,** : **Judge Sylvia H. Rambo**

**Defendants**

**O R D E R**

In accordance with the accompanying memorandum, it is **HEREBY ORDERED** that Defendant Morgan, Lewis and Bockius, LLP's motion to dismiss (Doc. 28) is **GRANTED** and this matter is **DISMISSED** as to all Defendants without prejudice to Plaintiff's right to re-file his claims in the appropriate court. Defendants Kim Company and Lisa M. Morgan's motion to dismiss (Doc. 22) is dismissed as **MOOT.** The Clerk of Court shall close the file.

s/Sylvia H. Rambo
United States District Judge

Dated: March 19, 2012.